The Honorable Gordon Webb, Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, Arkansas 72602
Dear Mr. Webb:
This opinion is being issued in response to your recent question regarding Arkansas' obscenity laws.
In your correspondence, you enclosed a copy of a complaint that was filed with your office questioning whether a particular advertisement (a copy of which was attached to your correspondence) violates the obscenity laws. The adverstisement is one for lingerie, and in addition, offers other items, including a catalog, a calendar, and a video. The complaint that was filed with your office appeared to be concerned, in particular, about the video.
With regard to this complaint, you have asked:
Does the advertisement violate Arkansas' obscenity laws?
The question of whether particular material can be classified as "obscene" in violation of Arkansas' obscenity laws requires factual determinations that must be made by a court, upon the basis of all of the attendant information. I am not authorized to make such factual determinations. Op. Att'y Gen. No. 89-278. I therefore cannot opine definitively in response to your question. I can, however, provide you with the legal definition of "obscene materials," upon the basis of which a court would evaluate the advertisement in question, and upon the basis of which it would determine whether the advertisement or sale of the video constitutes any of the obscenity offenses.
Arkansas' obscenity law defines "obscene material" as that which
 (A) Depicts or describes in a patently offensive manner sadomasochistic abuse, sexual conduct, or hard-core sexual conduct;
 (B) Taken as a whole, appeals to the prurient interest of the average person, applying contemporary statewide standards; and
 (C) Taken as a whole, lacks serious literary, artistic, political, or scientific value.
A.C.A. § 5-68-302(4).
The above-quoted definition is drawn directly from the United States Supreme Court's decisions regarding obscenity. See Pope v. Illinois,481 U.S. 497 (1987); Miller v. California, 413 U.S. 15 (1973). The Arkansas Supreme Court has reiterated this definition. See Dunlap v. State,292 Ark. 51, 728 S.W.2d 155, cert. denied, 484 U.S. 852 (1987). For a discussion of the development of Arkansas' obscenity law, see Comment,The Arkansas Obscenity Doctrine: Its Establishment and Evolution,
47 Ark. L.R. 393 (1994).
It should be noted that in setting forth the various elements of obscenity, the statute makes use of the conjunction "and." Therefore, in order for material to be considered legally "obscene," it must be characterized by all of the listed elements. Accordingly, in evaluating the advertisement about which you have inquired, a court would necessarily be required to determine, as a factual matter, whether the advertisement contains each of the elements set forth in the definition of obscenity quoted above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh